# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY SCARLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-1367-D |
| | ) |
| TDW SERVICES, INC., | ) |
| NORTHERN NATURAL GAS | ) |
| COMPANY, and AVERY | ) |
| PIPELINE SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant TDW Services, Inc.'s (TDW) Motion to Dismiss Second Amended Complaint for lack of subject matter jurisdiction [Doc. No. 39]. Plaintiff Jerry Scarlett (Scarlett) has responded to the motion [Doc. No. 40] and TDW has replied [Doc. No. 41]. The matter is fully briefed and at issue.

## BACKGROUND

Scarlett was part of a crew working on a pipeline owned by Defendant Northern Natural Gas Company (Northern) near Beaver, Oklahoma. The crew prepared to remove a plunger and install a completion plug on a sixteen-inch, high pressure, natural gas pipeline. One or more stopples (plugs) were installed on the pipeline by TDW, allowing work to proceed while the line was pressurized. Scarlett contends that TDW's personnel told him the line at issue had already been "blown

down" (contained no pressure) and it was safe to work on. However, while Scarlett was attempting to remove a stopple from the pipe, it released a large amount of highly pressurized natural gas. The blast spun Scarlett around and threw him into the pipe, causing severe injuries to his head and lower back.

Scarlett alleges the incident in question was caused by Defendants' negligence in that Defendants failed to: (1) "blow down" or de-pressurize the subject pipeline; (2) test the line to ensure it had been blown down or de-pressurized prior to Scarlett working on it; (3) have safety devices in place to prevent the unbolting of a stopple on a pressurized line; (4) follow a job-specific safety plan while conducting the pipeline work; (5) provide a safe work area; (6) warn Scarlett of a hidden, dangerous condition on the jobsite; and (7) properly train their employees.

When this suit was brought, Scarlett sued only TDW [Doc. No. 1]. Scarlett's Complaint asserted subject matter jurisdiction based on diversity of citizenship. In his Complaint, Scarlett stated he was a Nebraska resident and TDW was a Texas corporation with its principal place of business in Tulsa, Oklahoma. *See id*. at ¶¶ 1-2. Scarlett later amended his complaint to include Northern and Defendant Avery Pipeline Services (Avery) [Doc. No. 24] and he alleged Northern was a Texas corporation with its principal place of business in Des Moines, Iowa. *See id*. ¶ 3. In its answer, however, Northern denied Scarlett's allegations and stated it was a

Delaware corporation with its principal place of business in Omaha, Nebraska. *See* Def. Northern's Answer at ¶ 3 [Doc. No. 34].

Based on Northern's disclosure, TDW moves to dismiss this action on the grounds that diversity jurisdiction no longer exists. Pursuant to Rule 21 of the Federal Rules of Civil Procedure,[1] Scarlett asks that, in lieu of dismissing this action in its entirety, the Court simply dismiss his claims against Northern without prejudice, as it is a dispensable party.

## DISCUSSION

Under the "time-of-filing" rule, diversity of citizenship is determined at the time the complaint is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015) ("[I]t is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint.").[2] "Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *Freeport-McMoRan*, 498 U.S. at 428. However,

---

[1] Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

[2] The rule applies to "all challenges to subject-matter jurisdiction premised upon diversity of citizenship." *Iowa Tribe of Kansas and Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004)).

diversity jurisdiction may be destroyed if it is determined that a later-joined, nondiverse party was indispensable to the action at the time it commenced. *Salt Lake Tribune Publ'g Co. v. AT & T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003); *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1367 (10th Cir. 1982) (stating that diversity jurisdiction is not lost by the intervention of a dispensable nondiverse party).

The parties agree that under the circumstances presented here, the Court may either dismiss the case without prejudice in its entirety for lack of subject matter jurisdiction, pursuant to Rule 12(h), Federal Rules of Civil Procedure, or dismiss a dispensable nondiverse party to effect complete diversity. *Ravenswood Inv. Co., L.P. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1224-25 (10th Cir. 2011). Scarlett could not have originally brought suit in federal court naming Northern as a defendant, since Nebraska residents would have been on both sides of the litigation. Yet this result occurred when he amended his complaint to add Northern as a defendant. Complete diversity was destroyed just as surely as if Scarlett had sued Northern initially, contrary to the mandate that diversity jurisdiction is not available where any plaintiff is a citizen of the same State as any defendant. *Owen Equp. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

However, Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" and "it is well settled that Rule 21 invests district courts with authority to allow a

4

dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (citation omitted). The Tenth Circuit acknowledged this authority in *Ravenswood*: "A district court can dismiss a dispensable nondiverse party pursuant to Rule 21 to cure a jurisdictional defect at any point in the litigation, including after judgment has [been] entered." *Id*. at 1223 (citations omitted). Nothing in the present record compels the conclusion that Northern was a necessary or indispensable party to the civil action framed by Scarlett's original Complaint. *See* Fed. R. Civ. P. 19(a)(1), (b). TDW does not argue otherwise; Northern, notably, has neither sought dismissal nor expressed its opinion on the matter. The Court concludes that in the context of the above-captioned action, Northern is both nondiverse and dispensable, and this Court may exercise original diversity jurisdiction under 28 U.S.C. § 1332(a) in this case absent this nondiverse and dispensable defendant.

## CONCLUSION

Defendant's Motion to Dismiss is **DENIED** as set forth herein. Plaintiff's claims against Northern Natural Gas Company are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 1st day of May, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

5